# IN UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE AT GREENEVILLE

| | |
|---|---|
| DAVID R. BUCKLEY and wife, TAMARA BUCKLEY, | * * * |
| Plaintiff, | * |
| | * Case No. _____ |
| VS. | * |
| | * |
| UNITED STATES OF AMERICA, | * |
| | * |
| Defendant. | * |

## COMPLAINT

Come the Plaintiffs, David R. Buckley and wife, Tamara Buckley, and for her complaint against the Defendant, United States of America, alleges as follows:

1. The Plaintiffs, David R. Buckley and wife, Tamara Buckley, are citizens and residents of the United States of America, residing in the State of North Carolina, at the address of 116 Lower Grouse Ridge Road, Beech Mountain, North Carolina 28604.

2. This action arises out of medical negligence and/or recklessness occurring at the Mountain Home/James H. Quillen VA Medical Center (hereinafter sometimes referred to as "VA"), located at the corner of Lamont and Veterans Way, Mountain Home, Tennessee 37684.

3. This action is brought pursuant to Title 28 USC § 2671, the Federal Tort Claims Act. Jurisdiction and venue are proper with this Court as this cause of action arises out of medical negligence and/or recklessness and injuries occurring at the Mountain Home/James H. Quillen VA Medical Center, Mountain Home, Tennessee 37684.

4. The Plaintiffs have exhausted their administrative remedies by having properly initiated an action via the Department of Justice's Standard Form 95 on or about February 6, 2020, in relationship to their claim of injuries to David R. Buckley arising out of medical negligence which is within two (2) years of Plaintiffs having been notified of the existence and/or cause of his injuries. The Department of Veterans Affairs has not responded to Plaintiffs' notice of claim; however, the six (6) month investigatory period has now expired. As such, the Plaintiffs deem the agency's failure to take action as a "final denial" and, pursuant to 28 USC § 2675, Plaintiffs are now free to file this formal Complaint.

5. The Plaintiff, David R. Buckley, was a patient at Mountain Home/James H. Quillen VA Medical Center on February 9, 2018. Plaintiff was a patient of Dr. James E. Blaine, a podiatrist, who was providing podiatric surgical services for the Mountain Home VA. Dr. Blaine performed what he characterized as a right hallux hardware removal and MPJ fusion with graft placement and plate and screw fixation. Dr. Blaine then followed Mr. Buckley post-operatively through approximately September 2018. Dr. Blaine ordered post-operative x-rays and reviewed those x-rays.

6. In April 2019, Mr. Buckley returned to VA podiatrists complaining of a wound to the medial aspect of the second digit, which was rubbing against the right big toe. This was causing Mr. Buckley significant pain and significantly impacting his activities. Podiatrists working for the VA advised that there was overlap of the hallux onto the second digit with dorsiflexion approximately 20 degrees and lateral deviation with a valgus rotation of the hallux. Mr. Buckley was provided with options, including undergoing hardware removal and amputation, which Mr. Buckley decided upon. One or more of the

2

podiatrists who provided Mr. Buckley care in April 2019 advised Mr. Buckley that Dr. Blaine's surgical procedure had been performed sloppily. It was at this time, for the first time, that Mr. Buckley was placed on notice of the existence and potential cause of injury.

7. Plaintiffs would show that the Defendant, United States of America, through the Mountain Home/James H. Quillen VA Medical Center, and through its agents and employees, including Dr. James E. Blaine, departed from the acceptable standard of care for podiatrists and podiatric surgeons in Johnson City, Tennessee, or similar communities, as follows:

A. By improperly performing MPJ fusion surgery on February 9, 2018, resulting in an abnormal and inappropriate angulation of the big toe; and

B. By failing to address the malpositioned hardware or inform Mr. Buckley of the malpositioned hardware, until approximately April 2019; and

C. By failing to properly supervise and/or negligently hiring Dr. James E. Blaine as a podiatrist and podiatric surgeon for the Mountain Home/James H. Quillen VA Medical Center.

8. Plaintiff, Tamara Buckley, as wife of Plaintiff, David R. Buckley, has suffered loss of consortium.

9. The Plaintiffs have provided notice of the claim to the Government by having mailed Standard Form 95, via certified mail, return receipt requested, on February 6, 2020. The mailings are evidenced by the Affidavit of Dina Y. Shirley attached hereto as Exhibit A.

10. The Plaintiffs have also complied with the provisions of T.C.A. § 29-26-121(a) by having mailed, via certified mail, on February 6, 2020, notice of the claim to the Defendant, United States of America, as follows:

A. Veteran's Administration, Office of Regional Counsel, 3322 West End Avenue, Suite 509, Nashville, Tennessee 37203;

B. U.S. Attorney for Eastern District of Tennessee, 800 Market Street, Suite 211, Knoxville, Tennessee 37902;

C. Mountain Home Veterans Affairs Medical Center/James H. Quillen VA Medical Center, Corner of Lamont and Veterans Way, Mountain Home, Tennessee 37684;

D. U.S.A., Attorney General of the United States, Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001; and

E. Administrative Benefit Office, Regional Veterans Administration, 110 Ninth Avenue, South, Nashville, Tennessee 37203.

These mailings are evidenced by the Affidavit of Dina Y. Shirley attached hereto as <u>Collective Exhibit A</u>, which states that such actions occurred, showing that notices were sent by certified mail to the above recipients on February 6, 2020. Copies of the notices mailed are attached to the Affidavit of Dina Y. Shirley. The certificates of mailing from the U.S. Postal Service, stamped with the date of mailing, are also attached to the Affidavit of Dina Y. Shirley. The requirements of T.C.A. § 29-26-121 have been satisfied.

11. The Plaintiffs have timely complied with the notice requirements of T.C.A. § 29-26-121(a) by giving notice and the documents required by said statute to the Defendant more than sixty (60) days prior to the filing of this Complaint.

12. The Plaintiffs have complied with T.C.A. § 29-26-122 by attaching hereto as Exhibit B a Certificate of Good Faith in compliance with said statute.

WHEREFORE, Plaintiffs, David R. Buckley and wife, Tamara Buckley, respectfully demand judgment against the Defendant, United States of America, in the amount of $2,500,000.00.

DAVID R. BUCKLEY and wife,
TAMARA BUCKLEY


BY: *s/Olen G. Haynes, Jr.*
Olen G. Haynes, Jr., BPR #19420
Attorney for Plaintiffs
The Haynes Firm
P.O. Box 1879
Johnson City, TN 37605
423-928-0165
oghjr@hayneslawyers.com